UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, <br>  Plaintiffs, <br><br> v. <br><br> DIGGING DEEP INC., et al., <br>  Defendants. | EDCV 19-1616 DSF (KKx) <br><br> Order GRANTING Plaintiffs' Motion for Default Judgment |

Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company moves for default judgment against the defaulted Defendants in this case. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I.  BACKGROUND

Defendant Digging Deep Inc. is a contractor that is party to a collective bargaining agreement with the Southern California District Council of Laborers and affiliated unions. Defendant Kevin Scott Schweizer is the president and principal shareholder of Digging Deep. Plaintiff is the administrator of employee benefit plans for the relevant unions.

Defendants were required to contribute certain payments for each employee-hour worked to the employee benefit plans. Plaintiff alleges that Defendants failed to make certain of these payments both between December 2016 and May 2018 and between March and June 2019. The non-payment in 2016-2018 was the subject of a settlement agreement between the parties. Plaintiff alleges that Defendants defaulted on this agreement and owed, including interest, $1,503.46 as of August 26, 2019. The contributions owed for the 2019 non-payments, including interest, are alleged to have been $57,431.18 as of August 7, 2019.

## II. JURISDICTION

Where, as here, "entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to ERISA. See 29 U.S.C. §§ 1132(e)-(f), 1451(c). The Court has personal jurisdiction over Defendants because Defendants' business is headquartered within this District and the acts and omissions that form the basis of the complaint took place in this District.

## III. LEGAL STANDARD

Rule 55(b)(2) permits the Court to enter a default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well-pleaded allegations in the complaint regarding liability are generally deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

The Court considers several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in

the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.  DISCUSSION

### A.  The Eitel Factors Weigh in Favor of Granting Default Judgment

#### 1.  Prejudice to Plaintiff

Plaintiff would be prejudiced by a denial of its motion. Plaintiff has alleged facts establishing that Defendants owe the plans it administers certain amounts and Plaintiff has incurred expenses in bringing this action. Defendant may not escape liability by refusing to participate in the judicial process.

#### 2.  Merits of Substantive Claims and Sufficiency of Complaint

Employers who contribute to a multiemployer plan under a collective bargaining agreement must make plan contributions in accordance with the terms of the collective bargaining agreement. 29 U.S.C. § 1145.

Plaintiff alleges that it discovered that Defendants failed to report and pay contributions to the relevant plans for work done on certain public works projects. Taken as true, these allegations support a finding that Defendants are liable for underpaid contributions. Plaintiff has also adequately alleged that Defendants had entered into a settlement agreement to resolve past unpaid contributions and defaulted on that agreement.

#### 3.  Money at Stake in the Action

The Court must "assess whether the recovery sought is proportional to the harm caused by defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). The

damages Plaintiff seeks are provided for in ERISA and in the Agreements. Plaintiff does not seek damages other than those provided for in the contracts agreed to by Defendants.

### 4. Possibility of Factual Dispute, Excusable Neglect, and Policy Favoring Decisions on the Merits

By failing to appear in this action, Defendants have chosen not to dispute the accuracy of Plaintiff's factual allegations. The policy favoring decisions on the merits does not weigh against entry of default judgment where, as here, Defendants' failure to appear has made a decision on the merits impossible.

## B. Damages, Attorneys' Fees, and Costs

### 1. Damages and Interest

Plaintiff seeks a sum certain alleged in the complaint along with interest accrued during the pendency of this action. The Court has reviewed Plaintiff's interest calculations and finds them to be accurate. The sum certain damage amount alleged for the first claim is $58,137.38 and the accrued interest is $5,497.65, which results in a total damage award of $62,131.37. This total amount is to be awarded against Defendant Digging Deep. A subset of these damages – damages excluding those for breach of the settlement agreement – are joint and several with Defendant Kevin Scott Schweizer. The total damages to be awarded against Schweizer is $49,565.88 – alleged sum certain damages of $44,183.37 plus $5,382.51 interest.

### 2. Attorneys' Fees and Costs

Plaintiff is entitled to reasonable attorneys' fees incurred as a result of Defendants' failure to pay fringe benefit contributions. See 29 U.S.C. § 1132(g)(2)(D). Defendants will be liable jointly and severally for these fees and costs.

Plaintiff seeks fees computed under Local Rule 55-3 in a total amount of $3,925.49, which the Court finds to be reasonable.

Plaintiff seeks costs as taxed by the Clerk, which is also appropriate.

## V.  CONCLUSION

Plaintiff's motion for default judgment is GRANTED.

IT IS SO ORDERED.

Date: August 28, 2020

                                                Dale S. Fischer
                                                United States District Judge